UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF RIVERSIDE; DOE OFFICERS 1 through 10, all individually, and in their capacities, as Sheriff's Deputies, or employees, of the COUNTY OF RIVERSIDE; and DOES 11 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. EDCV 08-1271 RWG (AJWx)<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF DOCUMENTS FROM LAW ENFORCEMENT PERSONNEL RECORDS** |

Good cause appearing therefor from the Application and Stipulation of counsel for the parties, the following Protective Order is issued:

**PROTECTIVE ORDER**

Defendant, COUNTY OF RIVERSIDE, shall provide to counsel for plaintiff a redacted copy of the "Personnel Investigation" (Exhibit 301) concerning the investigation of the plaintiff's Citizen Complaint concerning her incarceration at the Southwest Detention Center on November 2, 2007.

The information and documents to be disclosed are subject to the following **Protective Order**:

1. Counsel for the plaintiff shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation, by communicating with the parties, or investigators, consultants and experts retained on behalf of the parties in this matter.

2. Prior to the dissemination of any such information or documents pursuant to this Protective Order, counsel for the plaintiff shall inform such person of the terms and conditions of this Protective Order and secure such person's agreement to be bound by it.

3. Plaintiff, plaintiff's counsel, and plaintiff's investigators, consultants and experts, and co-defendants, their counsel, investigators, consultants and experts are expressly prohibited from utilizing the disclosed information or documents for any purpose other than the prosecution this case, DEANNA HAYES v. COUNTY OF RIVERSIDE, et al., USDC Case No. CV 08-1271 RWG (AJWx) and the information or documents disclosed shall not be utilized in any other proceeding or litigation, or for any other purpose.

4. Plaintiff, plaintiff's counsel, and plaintiff's investigators, consultants and experts are expressly prohibited from duplicating, copying or otherwise distributing or disseminating any of the disclosed information or documents to any person or entity other than as necessary in the prosecution of this case.

5. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

6. The copies of any records disclosed to counsel for parties pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL - UNLAWFUL TO DUPLICATE."

7. All comments, opinions, conclusions, or recommendations contained in said disclosed materials may be redacted, without waiver to any party's right to subsequently seek disclosure of such redacted comments, opinions, conclusions, or recommendations.

8. All personal identifying information contained in said disclosed materials may be redacted, without waiver to any party's right to subsequently seek disclosure of such redacted information.

9. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief and monetary sanctions to this court against any such person violating or threatening to violate any of the terms of this Protective Order. This court shall retain jurisdiction over the parties and any other persons subject to the terms of this Protective Order for the purpose of enforcing this Protective Order. The court shall have the power to impose whatever penalties it deems appropriate for the violation of said Protective Order, including, but not limited to, monetary and judicial sanctions and contempt.

10. This Protective Order shall survive the final termination of this action, to the extent that the information or documents disclosed remains confidential and does not become known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of the information or documents disclosed herein.

11. Upon final conclusion of the present litigation, all copies of all documents ordered disclosed pursuant to this Protective Order shall be returned to counsel for defendant, COUNTY OF RIVERSIDE, who will then return them to the appropriate authorities of the Riverside County Sheriff's Department.

DATED: 02/16/2010            /S/
                   Hon. Andrew J. Wistrich
                   United States Magistrate Judge